## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JAIME ALEJANDRO ESCARSEGA,** | § | |
| **#330334** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:23cv898** |
| | § | |
| | § | |
| **OFFICER FRY** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Jaime Alejandro Escarsega filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Mail that was sent to Plaintiff was returned and marked, "Return to Sender-Not Deliverable as Addressed-Unable to Forward" and "Refused-Not in Custody." (Dkt. #7). It is Plaintiff's responsibility to notify the Clerk of the Court of his new address. *See* Eastern District of Texas Local Rule CV-11(d). Plaintiff has not updated his address with the Court; accordingly, he has failed to prosecute his case. Fed. R. Civ. P. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty.*

1

*Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The present case should be dismissed as Plaintiff has failed to prosecute the case.

### RECOMMENDATION

It is therefore recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of November, 2023.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

2